UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA DALTON OHLE, ET AL. | * | CIVIL ACTION NO. |
| | * | 2:12-CV-1324 |
| | * | |
| Plaintiffs, | * | JUDGE CARL J. BARBIER |
| | * | |
| v. | * | MAG. DANIEL E. KNOWLES |
| | * | |
| BANK ONE CORPORATION, ET AL. | * | |
| | * | |
| Defendants. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**REPLY MEMORANDUM IN SUPPORT OF RICHARD ROGOFF'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2),
AND ALTERNATIVELY, MOTION TO DISMISS FOR
<u>IMPROPER VENUE UNDER RULE 12(b)(3)</u>**

MAY IT PLEASE THE COURT:

Richard Rogoff ("Mr. Rogoff") submits this Reply Memorandum in Support of his Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Dismiss for Improper Venue.

**I. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The plaintiffs do not dispute that this Honorable Court may not exercise specific jurisdiction or general jurisdiction over Mr. Rogoff. In fact, they essentially concede that Mr. Rogoff does not have sufficient constitutionally mandated minimum contacts with this forum. Plaintiffs totally ignore all legal arguments concerning general or specific jurisdiction over Mr. Rogoff, claiming they are irrelevant. The sole focus of plaintiffs' Opposition Memorandum is that this Court should exercise personal jurisdiction over Mr. Rogoff pursuant to the Section

1

1965(b) of the RICO statute. The RICO statute, however, only allows for nationwide service of process if "required" by the "ends of justice." The plaintiffs have the burden of proving that "the ends of justice" necessitate the use of nationwide service upon Mr. Rogoff. The plaintiffs do not attempt to make any such showing and wholly fail to discharge their burden under the RICO statute. Absent such a showing by plaintiffs, the RICO statute does <u>not</u> allow for nationwide service of process, and the Court should grant Mr. Rogoff's Motion to Dismiss.

### A. The "Ends of Justice" Analysis

The federal circuit courts have developed two tests to determine whether "the ends of justice" warrant the exercise of nationwide service under the RICO statute. Here, the application of either test unequivocally results in the dismissal of Mr. Rogoff.

The Ninth Circuit requires that "the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators," in order to satisfy "the ends of justice." *Butcher's Union Local No. 498, United Commercial Workers v. SDC Inv. Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). In this case, it is undisputed that the Northern District of Illinois could exercise personal jurisdiction over all of the alleged co-conspirators. As such, under the "ends of justice" test developed by the Ninth Circuit, this Honorable Court cannot maintain personal jurisdiction over Mr. Rogoff under the RICO statute.

Instead of applying the bright line test of the Ninth Circuit, the Tenth Circuit has devised a more general test holding that "the ends of justice is a flexible concept uniquely tailored to the facts of each case." *Cory v. Aztec Steel Building Inc.*, 468 F.3d 1226 (10th Cir. 2006). In *Cory*, the court held that the plaintiffs' assertion that the "ends of justice" required nationwide service because the plaintiff had sustained damages in that forum <u>was insufficient</u> to allow the court to exercise personal jurisdiction over non-residents who did not have minimum contacts with the

forum.

Although the Fifth Circuit has not weighed in on the "ends of justice" issue, regardless of which test is applied here, the plaintiffs cannot establish personal jurisdiction over Mr. Rogoff under the RICO statute. All defendants are subject to personal jurisdiction in the Northern District of Illinois (the Ninth Circuit test), and further, allegations that plaintiffs sustained damage in this forum are insufficient to satisfy "the ends of justice" (the test as applied by the Tenth Circuit).

### B. The Plaintiffs Have Failed to Carry Their Burden of Proof

The plaintiffs make no showing whatsoever under either test that the "ends of justice" require nationwide service on Mr. Rogoff. To the contrary, they simply erroneously argue that his residency in Illinois alone (*i.e.*, being a citizen of the United States) is sufficient for nationwide service under the RICO statute. This statement of the law is contrary to every federal decision on this issue. (See Section "C," *infra* for a discussion of plaintiffs' erroneous interpretation of the law).

Regardless of which test is applied, the "ends of justice" demand that this Honorable Court not exercise personal jurisdiction over Mr. Rogoff under the RICO statute. Indeed, it is hard to conceive of a case where the "ends of justice" are less compelling and less worthy than this lawsuit. The relevant factors to consider include:

1. The plaintiffs are collaterally attacking an order issued by a different federal court (the Southern District of New York);

2. The plaintiffs agreed in writing not to collaterally attack that order and not to file another claim or petition attacking that order;

3. The Southern District of New York retained exclusive jurisdiction over all matters arising out of that ruling;

3

    4.      All defendants are subject to personal jurisdiction in the Northern District of Illinois;

    5.      Venue is improper in this forum under 28 U.S.C. § 1391; and

    6.      Venue should be transferred to the Southern District of New York and/or the Northern District of Illinois under 28 U.S.C. §1404(a).[1]

### C. The Plaintiffs Have Mischaracterized the Fifth Circuit Holding in *Busch*

The plaintiffs argue that they simply need to prove that Mr. Rogoff is a citizen of the United States in order for this Court to have personal jurisdiction over him to pursue a RICO claim. (See Document 34-2). This statement of the law is wholly inaccurate. The plaintiffs purposely ignore the statutory requirement under RICO that nationwide service over a non-resident who lacks minimum contacts is <u>only</u> allowed when <u>required</u> by "the ends of justice." The plaintiffs utterly fail to discharge their burden of establishing <u>why</u> the "ends of justice" require that this Court exercise personal jurisdiction over Mr. Rogoff, and indeed do not discuss the "ends of justice" in their Opposition Memorandum.

The plaintiffs premise their entire argument upon a complete mischaracterization of the U.S. Fifth Circuit decision of *Busch v. Buchman, Buchman & O'Brien Law Firm*, 11 F.3d 1255 (5th Cir. 1994). Significantly, *Busch* involves a violation of the Securities Exchange Act of 1934 and <u>is not a RICO case</u>. The Securities Exchange Act provides for nationwide service over any defendant. However, unlike RICO, it does <u>not</u> statutorily require a showing that such service is needed to satisfy "the ends of justice" as a condition precedent to the use of nationwide service. The sole issue in *Busch* was the extent to which nationwide service of process provided by the

---

[1] Mr. Rogoff notes that the Chase Entities have filed a Motion to Transfer pursuant to 28 U.S.C. §1404(a), arguing that all of the Fifth Circuit's private and public interest factors favor the transfer of this case to another forum, further evidencing that the "ends of justice" in no way require the use of nationwide service upon him.

Securities Exchange Act is limited by the due process clause of the Constitution.  The Fifth Circuit did not discuss nationwide service under the RICO statute, and did not discuss the appropriate test for determining "the ends of justice" requirement.

Underscoring plaintiffs' complete distortion of the *Busch* case, the Eastern District of Louisiana recently noted that the Fifth Circuit has not yet opined on how it interprets the "ends of justice" under RICO (let alone that it created the test as suggested by the plaintiffs).  In *Bonvillain v. Louisiana Land & Exploration Company*, 702 F.Supp.2d 667 (E.D. La. 2010), the Eastern District discussed the two tests for determining the "ends of justice" and noted that "<u>the Fifth Circuit has not addressed this issue.</u>"

The plaintiffs attempt to read out the statutory "ends of justice" condition precedent for nationwide service under the RICO Act.  Every single United States Court, including every Circuit Court that has addressed this issue, has required a showing that the "ends of justice" were satisfied <u>before</u> allowing nationwide service.  Indeed, the Eastern District of Louisiana in two separate decisions has required the plaintiff make the necessary showing that the "ends of justice require" nationwide service under RICO.  In *Hamilton v. Business Partners Inc.*, 1997 WL 639022 (E.D. La. Oct. 15, 1997) (Berrigan, J.), the court followed the Ninth Circuit test holding that "the ends of justice" require that there be "no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators."  Under such a test, it is undisputed that this Honorable Court would not have jurisdiction over Mr. Rogoff.  The court was unequivocal in its ruling: "[defendants] <u>may</u> be subjected to this Court's personal jurisdiction with regard to plaintiffs' RICO claim by virtue of the nationwide service of process provisions of Section 1965(b) <u>only</u> if it is determined that the "ends of justice require that result." (*Id*. at *3) (emphasis added). Similarly, in *David v. Signal International LLC*, 588 F.Supp.2d 718, 724

5

(E.D. La. 2008) (Zainey, J.), the district court held that "the ends of justice" requirement of the RICO statute was satisfied where the alleged scheme "took place in multiple countries and in multiple states" such that suit could not otherwise be maintained in one forum. Again, the court in the Eastern District implicitly used the Ninth Circuit test to determine whether the "ends of justice" were satisfied.

The premise of plaintiffs' entire jurisdictional argument is completely wrong. Whether this Honorable Court employs the test utilized by the Ninth Circuit or the test utilized by the Tenth Circuit, the "ends of justice" must be satisfied. Every Circuit Court, as well as the judges of this district, have held that nationwide service over a non-resident lacking minimum contacts is <u>only permitted under the RICO statute when required by the "ends of justice</u>." Plaintiffs' argument that this test is met by simply being a resident of any state in the United States is not supported by either of the two tests. Indeed, in the *Cory* decision, the Tenth Circuit held that since the "ends of justice" were not satisfied, <u>RICO did not authorize nationwide service</u>, and therefore there was no personal jurisdiction over the defendant (who was a resident of the United States).[2]

The recent case of *Hallmark Cards Inc. v. Monitor Clippers Partners LLC*, 757 F.Supp.2d 904 (W.D. Mo. 2010), is factually similar to the instant case and perhaps best describes the current status of personal jurisdiction under RICO:

> RICO contains a nationwide service provision declaring that if a court has personal jurisdiction over one or more RICO defendants, the court **may** exert jurisdiction over other parties **if** required to promote the ends of

---

[2] The other cases plaintiffs cite are directly contrary to their position. In *Rolls-Royce Corporation v. Heros, Inc.*, 576 F.Supp.2d 765 (N.D. Tex. 2008), the court performed an "ends of justice" analysis, and found numerous factors that satisfied the requirement, including multiple contacts with the forum state by the non-resident, none of which are applicable to Mr. Rogoff. In *Vanderbilt Mortgage and Finance v. Flores*, 2010 WL 1875799 (S.D. Tex. 2010), the court applied an "ends of justice" test suggested by the defendants, who defined it as "the broad notions of substantial justice and fair play." Applying that test, the court found nationwide service under RICO was required. Here plaintiffs have made no showing or demonstration of any sort that the exercise of nationwide service is required to satisfy the "ends of justice."

6

> justice. 18 U.S.C. §1965(b). The Eighth Circuit has not addressed this provision. This court concludes the ends of justice do not justify exerting jurisdiction over [defendants].
>
> Some courts hold the "ends of justice" are triggered only if there is no district where all defendants are amenable to jurisdiction. Here, all of the defendants . . . are amenable to suit in the district of Massachusetts. Under this rule, then, the ends of justice do not permit the court to exert jurisdiction over these defendants.
>
> Plaintiff invokes the Tenth Circuit's view, which holds that §1965(b)'s "ends of justice" analysis is not controlled by the fact that all defendants be amenable to suit in one forum. The Tenth Circuit declined to offer a competing definition as the ends of justice is a flexible concept uniquely tailored to the facts of each case. However, the concept is not so flexible that it can be satisfied solely with allegations that the plaintiff has suffered damage in any particular forum, and this is all plaintiff offers to support implication of the "ends of justice." Therefore **regardless of which interpretation is employed, RICO does not permit the court to exercise [personal] jurisdiction.** (*Id*. at 914) (Emphasis added).

In sum, the exercise of personal jurisdiction over Mr. Rogoff would thwart the "ends of justice" and therefore, his Motion to Dismiss should be granted.

## II. Alternative Motion to Dismiss for Improper Venue

In the alternative, Mr. Rogoff seeks dismissal of the Complaint for improper venue under F.R.C.P. Rule 12(b)(3). Venue is improper under 28 U.S.C. §1391 and under 18 U.S.C. §1965(b). Further, the Southern District of New York retained exclusive jurisdiction over all matters related to the Stipulation which is at the center of this dispute. Mr. Rogoff adopts as if incorporated herein the law and argument of the Chase Entities and of Mayer Brown LLP and Thomas Durkin contained in their respective reply memoranda in support of their Motions to Dismiss for Improper Venue.

## CONCLUSION

Plaintiffs' Complaint must be dismissed against Mr. Rogoff for lack of personal

jurisdiction under F.R.C.P. 12(b)(2).  Alternatively, this case should be dismissed for improper venue pursuant to F.R.C.P. 12(b)(3).

        Respectfully submitted,

By: /s/ John W. Hite III
    John W. Hite, (#17611), T.A.
    Glen Mercer (#21752), T.A.
    Salley, Hite, Mercer & Resor LLC
    365 Canal Street
    Suite 1710
    New Orleans, Louisiana  70130
    (504) 566-8800
    (504) 566-8828 (facsimile)
    **ATTORNEYS FOR RICHARD ROGOFF**

### CERTIFICATE OF SERVICE

I hereby certify that I have today, July 30 , 2012, served a copy of the foregoing pleading on counsel for all parties using the court's CM/ECF system, which will cause a notice of electronic filing to be served on all registered users.

/s/   John W. Hite III
JOHN W. HITE III

Daisy\WD\21469\RogoffDismissPersonalJuris\Memo Supp Rogoff Dismiss Personal Juris